IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LORI CARTER and BUELAH CARTER, | ) |
| | ) No. |
| Plaintiff(s), | ) |
| | ) |
| v. | ) COMPLAINT FOR DAMAGES |
| | ) |
| HOLLAND AMERICA CRUISE LINE-USA, INC., HOLLAND AMERICA LINE, INC., HOLLAND AMERICA LINE-USA, INC., | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| Defendant(s). | ) |

COMES NOW, the Plaintiffs Lori Carter and Beulah Carter, by and through Plaintiffs' attorney, Pellegrino L. Certa of Certa Law Group, Inc., and complain and allege against the above-named Defendant(s) as follows:

## I.
## JURISDICTION AND VENUE

1.1     The jurisdiction of this court over the parties and subject matter of this action is predicated in contract (Cruise Contract) between Plaintiffs and Defendants in that the contract

**COMPLAINT FOR DAMAGES - 1**

**CERTA LAW GROUP**
320 DAYTON STREET, STE. 260
EDMONDS, WA 98020
(206) 838-2500
FACSIMILE (206) 838-2502

provides: "all claims or disputes involving Emotional Harm, bodily injury, illness to or death of any Guest whatsoever including without limitation those arising out of or relating to this Cruise Contract or Your Cruise, Land + Sea Journey, Land Trips or Air Package shall be litigated in and before the United States District Court for the Western District of Washington at Seattle. . ."

2.2     Plaintiffs have complied with all conditions precedent as required by the contract prior to filing suit, including but not limited to providing Notices of Claim to the Defendant.

2.3     That it is a civil action against Holland America Cruise Line-USA, Inc., and/or Holland America Line, Inc., and/or Holland America Line-USA, Inc., (hereafter collectively referred to as "HOLLAND AMERICA") for money damages for bodily/personal injuries and loss of property caused by the negligence or wrongful acts or omissions of an employee of Holland America within the scope of his/her office or employment.  Therefore, jurisdiction is proper.

## II.
## PARTIES

2.1     At all times relevant to this complaint, Holland America had its principal place of business in King County, Washington.

2.2     At all times relevant to this complaint, Holland America operated travel excursions to paying members of the public.

2.2     At all times relevant to this action, Plaintiffs Buelah Carter and Lori Carter purchased a travel excursion package from Holland America.

**COMPLAINT FOR DAMAGES - 2**

CERTA LAW GROUP
320 DAYTON STREET, STE. 260
EDMONDS, WA  98020
(206) 838-2500
FACSIMILE (206) 838-2502

2.3     At all times relevant to this action, Plaintiffs Buelah Carter and Lori Carter while on a travel excursion package purchased from Holland America were passengers on a bus owned and operated by Holland America, its agents and/or employees.

### III.
### NOTICE OF CLAIM

3.1     Plaintiffs Buelah Carter and Lori Carter have first presented his claim to Holland America pursuant to the terms of the contract.  Pursuant to the terms of the contract, Plaintiffs' commencement of this lawsuit is timely.

### IV.
### FACTS

4.1     <u>DATES</u>:  The bus collision occurred on July 8, 2019.

4.2     <u>LOCATION</u>:  The collision occurred in Kristiansand, Norway.

4.3     <u>DETAILS</u>:  Plaintiffs Buelah Carter and Lori Carter were passengers on a bus owned and/or operated by Holland America, its agents and/or employees returning from a Holland America excursion to the Lindesnes lighthouse when the bus suddenly left the roadway and slammed into a hillside.

4.4     The operator of the bus was an employee or agent of Holland America was acting within the course and scope of his employment with Holland America.

4.4     <u>Nature of the Injuries</u>:  As a result of the bus leaving the roadway and slamming into the hillside, Plaintiffs Buelah Carter and Lori Carter suffered personal injuries.

**COMPLAINT FOR DAMAGES - 3**

**CERTA LAW GROUP**
320 DAYTON STREET, STE. 260
EDMONDS, WA  98020
(206) 838-2500
FACSIMILE (206) 838-2502

## V.
## <u>NEGLIGENCE</u>

5.1    <u>Duty</u>:   Defendant as a common carrier has a duty to its passengers and the

Plaintiffs to exercise the highest degree of care consistent with the practical operation of its

type of transportation and its business as a common carrier.  In addition, through common law,

statute, regulation, and/or ordinance the Defendant owed Plaintiffs a duty to drive attentively,

and to otherwise exercise ordinary and reasonable care while operating the bus the Plaintiffs

were passengers in.

5.2    <u>Breach:</u>  Defendant breached its duties as set forth in the preceding paragraphs.

5.3    <u>Proximate Cause:</u>  As a direct and proximate cause of Defendant's breach of its

duties as set forth above, Plaintiff has suffered personal injuries.

## VI.
## <u>DAMAGES</u>

6.1    As a direct and proximate result of the negligence alleged herein, Plaintiffs have

suffered severe physical injuries and is entitled to fair and reasonable compensation.

6.2    As a direct and proximate result of the negligence alleged herein Plaintiffs have

incurred and will continue to incur medical expenses and other out-of-pocket expenses and are

entitled to fair and reasonable compensation.

6.3    As a direct and proximate result of the negligence alleged herein Plaintiffs have

suffered and will continue to suffer severe physical pain and suffering and is entitled to fair

and reasonable compensation.

**COMPLAINT FOR DAMAGES - 4**

6.4     As a direct and proximate result of the negligence alleged herein, Plaintiff has suffered severe mental and emotional distress, loss of enjoyment of life, past and future disability, permanency of injury and is entitled to fair and reasonable compensation.

6.5     As a direct and proximate result of the negligence alleged herein, Plaintiffs have sustained past wage loss and loss of future earning capacity.

6.6     As a direct and proximate result of the negligence alleged herein, Plaintiffs are entitled to pre-judgment interest on all medical and other out-of-pocket expenses directly and proximately caused by the negligence alleged in this Complaint.

6.8     As a direct and proximate result of the negligence alleged herein, Plaintiffs are entitled to costs and disbursements herein.

**VII.**
**WAIVER OF PHYSICIAN/PATIENT PRIVILEGE**

7.1     Plaintiffs assert the physician/patient privilege for 88 days following the filing of this complaint.  On the 89th day following the filing of this complaint, the Plaintiff hereby waives the physician/patient privilege.

7.2     The waiver is conditioned and limited as follows:  (1) The Plaintiffs do not waive their constitutional right of privacy; (2) The Plaintiffs do not authorize contact with the their health care providers of any kind except by judicial proceeding authorized by the Rules of Civil Procedure; (3) Representatives of the Defendant are specifically instructed not to attempt ex parte contacts with health care providers of the Plaintiffs; and (4) Representatives of the

**COMPLAINT FOR DAMAGES - 5**

**CERTA LAW GROUP**
320 DAYTON STREET, STE. 260
EDMONDS, WA  98020
(206) 838-2500
FACSIMILE (206) 838-2502

Defendant are specifically instructed not to write letters to Plaintiff's health care providers telling them that they may mail copies of records to the Defendant.

In the case of <u>Loudon v. Mhyre</u>, 110 Wn.2d 675, 756 P.2d 138 (1988), the Supreme Court dealt very simply with the issue of ex parte contact with the Plaintiff's physicians:

> The issue presented is whether defense counsel in a personal injury action may communicate ex parte with the Plaintiff's treating physicians when the Plaintiff has waived the physician/patient privilege.  We hold that defense counsel may not engage in ex parte contact but is limited to the formal discovery methods provided by court rule.

<u>Id</u>, at 675-676, 756 P.2d at 139.

WHEREFORE, Plaintiffs pray for judgment against Defendant(s), jointly and severally and pray for relief as follows:

## VIII.
## RELIEF SOUGHT

8.1     Special Damages for Plaintiffs in such amounts as are proven at trial.

8.2     General Damages for Plaintiffs in such amounts as are proven at trial.

8.3      Costs including reasonable attorney's fees for Plaintiffs as are proven at trial.

8.4      For such other and further relief as the court deems just, equitable and proper for Plaintiff at the time of trial.

DATED THIS 17th day of June, 2020.

**COMPLAINT FOR DAMAGES - 6**

**CERTA LAW GROUP**
**320 DAYTON STREET, STE. 260**
**EDMONDS, WA  98020**
**(206) 838-2500**
**FACSIMILE (206) 838-2502**

CERTA LAW GROUP, INC.


Pellegrino L. Certa WSBA # 25903
Attorney for Plaintiff Lori Carter

**COMPLAINT FOR DAMAGES - 7**

CERTA LAW GROUP
320 DAYTON STREET, STE. 260
EDMONDS, WA  98020
(206) 838-2500
FACSIMILE (206) 838-2502